FILED
May 19, 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____ MGR
                    DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDUARDO BACA (1),<br>JESSE MAGALLANEZ (2), and<br>DANIEL LEAL (3)<br><br>Defendants. | CRIMINAL NO. SA:21-CR-<br>**SA-21-CR-226-XR**<br>**I N D I C T M E N T**<br><br>**CT 1:** 21:846 & 841(a)(1), (b)(1)(A)(ii) & (b)(1)(B)(ii) - Conspiracy to Possess with Intent to Distribute a Controlled Substance (Cocaine)<br>**CT 2:** 21:841(a)(1) & 841(b)(1)(B)(ii) & 18 U.S.C. § 2 - Possession with Intent to Distribute a Controlled Substance (Cocaine)<br>**CT 3:** 18: 1956(a)(2)(A) & (h) – Conspiracy to Launder Monetary Instruments<br>**CT 4:** 31: 5332(a)(1) and (b) - Bulk Cash Smuggling<br>**CT 5:** 31: 5332(a)(1) and (b) - Bulk Cash Smuggling |

THE GRAND JURY CHARGES:

**COUNT ONE**
(21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(A)(ii))

That on or about 2013 continuing through and including on or about May of 2021, in the Western District of Texas, Defendants,

**EDUARDO BACA (1),
JESSE MAGALLANEZ (2), and
DANIEL LEAL (3)**

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed together with others to the Grand Jury known and unknown, to commit offenses against the United States, in violation of Title 21, United States Code, Section 846, that is to say, he conspired to possess a controlled substance, which offense involved cocaine, a Schedule II Controlled Substance, with

intent to distribute same, contrary to Title 21, United States Code, Sections 841(a)(1) in the quantities set forth below:

**QUANTITY OF CONTROLLED SUBSTANCE INVOLVED IN THE CONSPIRACY**

The quantity of the mixture or substance containing cocaine involved in the conspiracy and attributable to each Defendant as a result of each Defendant's own conduct and as a result of the conduct of other conspirators reasonably foreseeable to each Defendant is as follows:

| DEFENDANT | QUANTITY | STATUTE |
|---|---|---|
| **EDUARDO BACA (1)** | 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine | 841(b)(1)(A)(ii) |
| **JESSE MAGALLANEZ (2)** | 500 grams or more of a mixture or substance containing a detectable amount of cocaine | 841(b)(1)(B)(ii) |
| **DANIEL LEAL (3)** | 500 grams or more of a mixture or substance containing a detectable amount of cocaine | 841(b)(1)(B)(ii) |

All in violation of Title 21, United States Code, Section 846.

Before the defendant, **JESSE MAGALLANEZ** committed the offense charged in this count, **JESSE MAGALLANEZ** was convicted of a serious drug felony, namely, Conspiracy to Possess with Intent to Distribute and Distribution of more than 500 Grams of Methamphetamine, in violation of Title 21, United States Code, Sections 846, 841(a)(1) & 841(b)(1)(A)(viii), for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

**COUNT TWO**
(21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B)(ii) & 18 U.S.C. § 2)

That on or about December 13, 2020, continuing through and including on or about December 15, 2020, in the Western District of Texas, Defendants,

**EDUARDO BACA (1),**
**JESSE MAGALLANEZ (2), and**
**DANIEL LEAL (3),**

knowingly and intentionally possessed with intent to distribute a controlled substance, and aided and abetted the knowing and intentional possession with intent to distribute a controlled substance, which offense involved 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii) and Title 18, United States Code, Section 2.

Before the defendant, **JESSE MAGALLANEZ** committed the offense charged in this count, **JESSE MAGALLANEZ** was convicted of a serious drug felony, namely, Conspiracy to Possess with Intent to Distribute and Distribution of more than 500 Grams of Methamphetamine, in violation of Title 21, United States Code, Sections 846, 841(a)(1) & 841(b)(1)(A)(viii), for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

**COUNT THREE**
(Conspiracy to Launder Monetary Instruments)
(18 U.S.C. §§ 1956(a)(2)(A) & (h))

That beginning on or about 2013 continuing through and including on or about May of 2021, in the Western District of Texas, Defendant,

**EDUARDO BACA (1),**

did knowingly conspire and agree with others known and unknown to the Grand Jury to transport and transfer and attempt to transport and transfer monetary instruments and funds from a place inside the United States to a place outside the United States, that is Mexico,

    a. with the intent to promote the carrying on of said specified unlawful activity, in violation of Title 18 United States Code, Section 1956(a)(2)(A); and

    b. knowing that the monetary instruments and funds involved in the transport and transfer represent the proceeds said specified unlawful activity and knowing that such transport and transfer was designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership and the control of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i); and

    c. knowing that the monetary instruments and funds involved in the transport and transfer represent the proceeds of said specified unlawful activity and knowing that such transport and transfer was designed in whole or in part to avoid a transaction reporting requirement under State or Federal Law, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(ii);

    All in violation of Title 18 United States Code, Section 1956(h).

## COUNT FOUR
(31 U.S.C. § 5332(a)(1) and (b) - Bulk Cash Smuggling)

On or about February 27, 2019, in the Western District of Texas and elsewhere, Defendant,

**EDUARDO BACA (1),**

with the intent to evade filing a report as prescribed by the Secretary of Treasury, as required by Title 31, United States Code, section 5316, did knowingly conceal more than $10,000 in currency and other monetary instruments on his person and in a conveyance, and did transport and attempt to transport such currency and monetary instruments from a place inside the United States to a place outside the United States, in violation of Title 31, United States Code, Section 5332.

## COUNT FIVE
(31 U.S.C. § 5332(a)(1) and (b) - Bulk Cash Smuggling)

On or about December 15, 2020, in the Western District of Texas and elsewhere, Defendant,

**EDUARDO BACA (1),**

with the intent to evade filing a report as prescribed by the Secretary of Treasury, as required by Title 31, United States Code, section 5316, did knowingly conceal more than $10,000 in currency and other monetary instruments on his person and in a conveyance, and did transport and attempt to transport such currency and monetary instruments from a place inside the United States to a place outside the United States, in violation of Title 31, United States Code, Section 5332.

## NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]

### I.
### Drug Violations and Forfeiture Statutes
[Title 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B)(ii), subject to forfeiture pursuant to Title 21 U.S.C. §§ 853(a)(1) and (2)]

As a result of the criminal violations set forth in the Counts One and Two, the United States gives notice to the Defendants **EDUARDO BACA (1), JESSE MAGALLANEZ (2), and DANIEL LEAL (3)** of its intent to seek the forfeiture of the property described below upon conviction pursuant to Fed. R. Crim. P. 32.2 and Title 21 U.S.C. § 853(a)(1) and (2), which states:

> **Title 21 U.S.C. § 853. Criminal forfeitures**
> **(a) Property subject to criminal forfeitures.**
> Any person convicted of a violation of this subchapter or subchapter II punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law.--
> **(1)** any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
> **(2)** any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation; . . .

## II.
## Money Laundering Violations and Forfeiture Statutes
### [Title 18 U.S.C. §§ 1956 (a)(2)(A) and (h), subject to forfeiture pursuant to Title 18 U.S.C. § 982(a)(1)]

As a result of the criminal violations set forth in Count Three, the United States of America gives notice to Defendant **EDUARDO BACA (1),** of its intent to seek the forfeiture of property, including the items described below, upon conviction and as part of sentencing, pursuant to Fed. R. Crim P. 32.2 and Title 18 U.S.C. § 982(a)(1), which states:

> **Title 18 U.S.C. § 982. Criminal forfeiture**
> **(a)(1)** The court, in imposing sentence on a person convicted of an offense in violation of section 1956…of this title, shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

This Notice of Demand for Forfeiture includes, but is not limited to, the following properties:

## III.
## Real Property

**Eduardo Baca (1)**

Real Property located and situated at **1019 Peg Oak, San Antonio, Bexar County, Texas**, with all buildings, appurtenances, and improvements thereon and any and all surface and sub-surface rights, title, and interests, if any, and being more fully described as follows:

NCB 17612 BLK 17 LOT 25 THE OAKS @ SONTERRA UT-3B.

## VI.
## Money Judgment

**Money Judgment:** A sum of money that each defendant is solely liable for which is equal to: the proceeds obtained directly or indirectly from; any facilitating property used or intended to use in; and/or any property involved in the violations set forth above.

## V.
## Substitute Property

If any of the proceeds from the violations above, any of the facilitating property used or intended to be used in the violations above, and any of the property involved in the violations above, including the items specifically described above as being subject to forfeiture, as a result of any act or omission of the Defendants:

  a. cannot be located upon the exercise of due diligence;
  b. has been transferred or sold to, or deposited with, a third party;
  c. has been placed beyond the jurisdiction of the court;
  d. has been substantially diminished in value; or
  e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America to seek the forfeiture of any other property owned by the Defendants, up to the value of his/her individual money judgment, as substitute property, pursuant to Title 21 U.S.C. 853(p) and Fed. R. Crim. P. 32.2(e)(1).

A TRUE BILL.

_____
FOREPERSON OF THE GRAND JURY

ASHLEY C. HOFF
UNITED STATES ATTORNEY

BY: _____
For Daphne D. Newaz
Assistant U.S. Attorney